IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THADDEUS L. JARVIS**                                                                  **PLAINTIFF**

**v.**                                                         **No. 4:20CV193-NBB-JMV**

**COMMISSIONER PELICIA HALL, ET AL.**                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Thaddeus L. Jarvis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants: (1) failed to protect him; (2) placed him in unconstitutionally harsh general conditions of confinement; (3) denied him medical treatment; (4) used excessive force against him; and (5) lost his personal property.

For the reasons set forth below, the plaintiff's claims for (1) failure to protect, (3) denial of medical treatment, and (5) loss of property will be dismissed with prejudice for failure to state a claim upon which relief could be granted. His claims for (2) general conditions of confinement, and (4) excessive force will, however, proceed.

### Factual Allegations

On January 2, 2020, in Unit 29 at the Mississippi State Penitentiary in Parchman, Mississippi, two rival gangs entered into a war (or "bang"), leading to the deaths of inmates. Prison staff were aware of the potential for violence, but did not prevent it from happening. The plaintiff alleges that

these actions put his life in danger, and the defendants *failed to protect him*. After the violence from the "bang" abated, the plaintiff and others were transported to Unit 32 of the Mississippi State Penitentiary, where they suffered *unconstitutionally harsh general conditions of confinement* – denial of food, water, clothing, personal hygiene items, bedding, sheets, and jackets from January 2, 2020, through January 9, 2020. Unit 32 had previously been closed down due to its age and the inability of prison officials to maintain constitutional living conditions there. During that week, the inmates were locked down 24 hours per day in cold January conditions, with no mats, no bedding, no jackets, no showers, and no personal hygiene items. In addition, that week's meals did not provide 2,900 calories per day, the target daily calorie consumption Mississippi Department of Corrections officials agreed upon. Further, the toilets did not flush properly during this time. On January 9, 2020, the plaintiff and others were temporarily moved to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi.

On January 5, 2020, Mississippi State Troopers and the Mississippi State Penitentiary Emergency Response Team entered Unit 32 and used *excessive force* against Mr. Jarvis, injuring his back. Mr. Jarvis was restrained at the time, with his hands bound behind him. His injuries included scrapes on his back and side and a chipped canine tooth.

When he requested medical treatment for these injuries, prison staff told him that the injuries were not life-threatening, and prison staff *denied him medical treatment* for four days. He was finally treated on January 9, 2020.

Finally, Mr. Jarvis alleges that prison staff *took his personal property without due process of law*. The Unit 29 inmates' property was confiscated once they were moved to Unit 32, but the property was never transferred to him once he reached TCCF.

- 2 -

**Failure to Protect**

Mr. Jarvis claims that the defendants failed to protect him during the "bang" between two rival gangs that led to the death of multiple inmates. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] … the failure to protect." *Grabowski v. Jackson County Public Defender's Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a specific threat to him but failed to take measures to protect from it. *Id.* at 843.

However, even in the absence of specific threat, an inmate may prove a claim of failure to protect if he can show that he was placed in a prison environment "where terror reigns." *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), overruled on other grounds by *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). This situation arises in a jail or prison where officials permit violent offenders to hold sway over part or all of the facility – creating "a pervasive risk of harm and a failure to take reasonable steps to prevent the known risk." *Stokes v. Delcambre,* 710 F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies – leading to the students' severe beating and rape). Indeed, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces

- 3 -

excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

In the present case, Mr. Jarvis has not alleged that he suffered any physical injury from other inmates during the "bang," which prison officials appear to have quelled with great effort and assistance from outside state agencies. As he has suffered no injury, this allegation must be dismissed for failure to state a claim upon which relief could be granted.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, Mr. Jarvis alleges that prison staff waited four days (until he was transferred out of Unit 32 at the Mississippi State Penitentiary to the Tallahatchie County Correctional Facility) to provide him with medical care for scrapes on his back and side and a chipped canine tooth. He has not alleged that the four-day delay in treatment for these injuries caused him additional harm. As such, his allegations regarding delay in providing medical care will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Taking of Property Without Due Process of Law**

The plaintiff's allegations regarding the taking of his personal property must be dismissed for failure to state a claim upon which relief could be granted. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Parratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for its fair value. *Id*. Those facts mirror the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

**Conclusion**

For the reasons set forth above, the plaintiff's allegations regarding failure to protect him from attack by other inmates, delay in medical treatment, and for the taking of his property without due process of law will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff's allegations regarding general conditions of confinement and excessive force will, however, proceed.

**SO ORDERED**, this, the 21st day of April, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE